ARTHUR SCHILLER & SON *v.* UNITED STATES (No. 3645) [1]

United States Court of Customs and Patent Appeals, October 30, 1933

*James R. Ryan* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*John F. Kavanagh,* special attorney, of counsel), for the United States.

[1] T.D. 46716.

[Oral argument October 6, 1933, by Mr. Ryan and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

Certain decorated chinaware was imported by appellant at the port of Chicago and was classified by the collector as decorated china tableware under paragraph 212 of the Tariff Act of 1930 at 70 per centum ad valorem and 10 cents per dozen pieces. The importer protested, claiming the goods to be dutiable under said paragraph 212 as decorated china at only 70 per centum ad valorem.

Said paragraph 212 is as follows:

PAR. 212. China, porcelain, and other vitrified wares, including chemical porcelain ware and chemical stoneware, composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, and all bisque and parian wares, including clock cases with or without movements, plaques, pill tiles, ornaments, charms, vases, statues, statuettes, mugs, cups, steins, lamps, and all other articles composed wholly or in chief value of such ware, plain white, not painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 60 per centum ad valorem; painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 70 per centum ad valorem. In addition to the foregoing there shall be paid a duty of 10 cents per dozen separate pieces on all tableware, kitchenware, and table and kitchen utensils.

The United States Customs Court overruled the protest and the importer has appealed.

The imported goods are china articles consisting of plates, saucers, cups, chocolate pots, side dishes, cake covers, and similar china articles, all decorated with the same design, and are shown to have been imported for the Fred Harvey dining car service. The material is of white, glazed earthenware of a substantial character, of varying thickness, from "thin" to "one half" thick. The dinner plates are made with an extra bend or roll around the edges.

On the trial in the court below the importer called six witnesses in an attempt to prove that the imported goods were not, in fact, tableware, but were commercially known as hotel ware; that in the trade and commerce of the country there was a uniform, definite, and general designation of the imported articles and similar articles as hotel ware; that they were not known commercially as tableware, and that the term "tableware" in the trade and commerce of the country, at the time of the passage of the Tariff Act of 1922, did not include these articles. To meet this proof the Government called six witnesses.

We have carefully considered the testimony which has been offered. The trial court was of the opinion that the evidence preponderated in favor of the Government on this point and that the importer

failed to establish a commercial designation within the adjudged cases upon that subject.

We are in agreement with the trial court in this view of the matter. It would serve no useful purpose to here recount the substance of the testimony of the various witnesses. Much of the testimony offered by the importer falls far short of our conception of what constitutes proof of commercial designation, as we have expressed the rule many times. *Akeroyd & Co.* v. *United States*, 15 Ct. Cust. Appls. 440, 443, T.D. 42641; *United States* v. *Brandenstein & Co.*, 17 C.C.P.A. (Customs) 480, T.D. 43941.

Several of the witnesses for the appellant stated that they considered the imported articles to be hotel ware, but the testimony of these witnesses did not establish, in our opinion, a uniform, definite, and general designation by the trade of these articles, as such, nor was there any testimony which convinces the mind that in the trade and commerce of the country, at that time, the term "tableware", as used in the statute, did not include hotel ware and ware used for similar purposes. On the other hand, the testimony offered on behalf of the Government tended to establish most strongly that there was no such commercial distinction between the terms "hotel ware" and "tableware", and such testimony was, to say the least, equally as credible and reliable as that offered by the importer. Hence there was no preponderance of the evidence in favor of the importer, as the law requires. *French Kreme Co.* v. *United States*, 18 C.C.P.A. (Customs) 301, T.D. 44505.

In addition, it may be suggested that tableware is commonly defined as "Ware, or articles collectively, for table use." Webster's New International Dictionary, 1932.

The fact that the imported articles may be used in hotels and restaurants does not, in itself, remove them from classification as tableware. The goods may be hotel ware and still be tableware, so far as the common meaning of the word goes. No commercial designation having been established, differing from the common meaning of the term, it appears that the goods were properly classified by the collector, and the judgment of the United States Customs Court should be, and is, *affirmed*.